UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY ALLEN MEADOR,

    Petitioner,                               Civil No. 5:14-12760
                                                    HONORABLE JOHN CORBETT O'MEARA
v.                                                UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Kenny Allen Meador, ("petitioner"), incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for conducting a criminal enterprise, M.C.L.A. 750.159i(1), two counts of first-degree home invasion, M.C.L.A. 750.110a(2), three counts of receiving and concealing stolen property with a value of $1,000 but less than $20,000, M.C.L.A. 750.535(3)(a), two counts of possession of a firearm during the commission of a felony, M.C.L.A. 750.227b, and being a third habitual offender, M.C.L.A. 769.11. Respondent has filed a motion to dismiss, arguing that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

1

## I. Background

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court in 2009. Direct review of petitioner's convictions ended in the state courts on May 24, 2011, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Meador*, 489 Mich. 935, 797 N.W.2d 630 (May 24, 2011).

On January 27, 2012, petitioner signed and dated a petition for writ of habeas corpus, which was filed with this Court on February 2, 2012. *See Meador v. Rapelje,* 5;12-CV-10460 (E.D. Mich.)(O'Meara, J.). Petitioner sought relief on the following grounds, which he had exhausted on his direct appeal with the Michigan courts:

> I. Whether the prosecutor deprived Mr. Meador of a fair trial by arguing that he was of bad character and therefore guilty, alternatively, he was deprived of the effective assistance of counsel based on his lawyer's failure to object to this misconduct.
>
> II. Whether Offense Variable 19 was improperly scored resulting in an inappropriately inflated sentencing guidelines range. Mr. Meador's state and federal constitutional due process rights to be sentenced based on accurate information were thus denied. Further, trial counsel rendered ineffective assistance in failing to object to the scoring of OV 19 on the grounds raised herein. Mr. Meador is entitled to resentencing where the minimum term of sentence imposed on him exceeds the correct guideline range.

Respondent filed an answer to the petition on August 6, 2012 asserting that it should be denied for lack of merit.

On September 18, 2012, petitioner signed and dated a motion to hold the petition in abeyance so that he could return to the state courts to exhaust additional claims that

were not contained in the instant petition. The motion was filed by the Court on September 19, 2012. (5:12-CV-10460, Dkt. # 7). In his motion, petitioner indicated that he wished to raise the following claims in the state courts:

> I. Petitioner was arrested and detained in violation of Michigan law and U.S. Const. Amend 4, 5, and 14, where he was arrested, detained, then transported to police headquarters for interrogation with no warrant, no complaint, and no felony committed before or after his arrest, he was then detained for 6 days without being arraigned.
>
> II. Petitioner, during the course of his pending criminal matters giving rise to this action, was deprived of the effective assistance of trial and appellate counsel at critical stages, as required by U.S. Const. 6, & 14, Michigan Constitution 1963, art. 1, § 20 for the following reasons:
>
> A. Counsel failed to protect Petitioner in all-pretrial matters which denied petitioner's right to a fair trial and compulsory process.
>
> B. Counsel's failure to object to prosecutorial misconduct and failed to object to prosecution abusing their charging discretion.
>
> C. Counsel failed to investigate all possibilities of Petitioner's potential defenses and challenges.
>
> III. The prosecution violated Michigan Court Rule 6.201(A)(1), by amending its witness list of 18 new witnesses five (5) days before trial. MCR 6.201(A)(1) states that all amended lists must be filed 28 days before trial. Denies petitioner's counsel a chance to timely review said list and make any challenges, denying petitioner a fair trial and due process constituting prosecutorial misconduct in violation of U.S.C.A. 5 & 14. The prosecution abused its charging discretion which renders all proceedings including trial, fatally defective and containing both prosecutorial as well as structural error.
>
> IV. Offense Variables 2, 9, 13, 14, and 16 were incorrectly scored resulting in an inappropriately inflated sentencing guideline range. The petitioner's state and federal constitutional rights to be sentenced based on accurate information were denied. Further, trial counsel rendered ineffective assistance in failing to object to the scoring of OV 2, 9, 13, 14, and 16 on the grounds raised herein. Petitioner is entitled to resentencing where the minimum term

of sentence imposed on him exceeds the correct guideline range.

On September 21, 2012, the Court denied the motion to stay and hold the petition in abeyance on the ground that petitioner still had time remaining under the one year limitations period to file a state post-conviction motion and return to the federal court. The Court gave petitioner thirty days to decide whether he wished to proceed only with his exhausted claims or move for a non-prejudicial dismissal of his petition. *Meador v. Rapelje*, No. 5:12-CV-10460, 2012 WL 4341063, at *1 (E.D. Mich. Sept. 21, 2012).

On October 17, 2012, petitioner moved to withdraw his petition without prejudice. On October 24, 2012, this Court summarily dismissed the petition without prejudice. (5;12-CV-10460, Dkt. # 10).

On December 17, 2012, petitioner filed a post-conviction motion for relief from judgment with the Saginaw County Circuit Court. After the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief, collateral review of petitioner's conviction ended in the Michigan courts on June 24, 2014, when the Michigan Supreme Court denied petitioner leave to appeal the denial of his post-conviction motion. *People v. Meador,* 496 Mich. 859, 847 N.W. 2d 631 (June 24, 2014).

On June 29, 2014, petitioner filed the current petition for writ of habeas corpus. [1]

In his current petition, petitioner seeks relief on the following grounds:

I. Defendant's defense was unfairly prejudiced when the prosecutor added

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 29, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999). The Court applied the prison mailbox rule to all of petitioner's filings in his earlier habeas petition.

several new names to its' witness list a few days before trial, without leave of the court or on good cause shown. Alternatively, trial counsel was ineffective for failing to object to the introduction of those witnesses at trial, and for failing to request a continuance so as to have an opportunity to investigate them prior to trial.

II. The 144 hour delay between defendant's detention after a warrantless arrest, and his probable cause arraignment violated his Fourth Amendment rights under the U.S. Constitution. Alternatively, his trial counsel was ineffective for failing to object to the pre-arraignment delay, which resulted in excludable evidence being admitted against defendant.

III. Appellate counsel's decision not to raise the issues herein denied defendant the effective assistance of counsel, satisfying the good cause an actual prejudice strictures of MCR 6.508(D)(3)(a-b).

Respondent filed a motion to dismiss, arguing that these claims are barred by the statute of limitations. Petitioner filed a reply to the motion to dismiss.

## II.  Discussion

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

(1) A 1-year period of limitation shall apply to an application for a writ of

5

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on May 24, 2011, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See*

*Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on August 22, 2011, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Petitioner had until August 22, 2012 to file his habeas petition in compliance with the one year limitations period.

Petitioner originally filed a habeas petition in Case # 12-CV-10460 on January 27, 2012, which was dismissed without prejudice on October 24, 2012.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

Petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period. Petitioner filed his motion for relief from judgment with the trial court on December 17, 2012, some fifty four days after his first petition for writ of habeas corpus was dismissed without prejudice. Because petitioner waited more than thirty days following the dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he is not entitled to equitable tolling of the limitations period during which his first petition was pending in this Court.

Petitioner's current petition was filed on June 29, 2014, long after the one year limitations period had expired. The instant petition is untimely. Moreover, this current petition cannot be considered as an amendment to petitioner's 2012 habeas petition, so as to relate back to the filing date of that first petition, because petitioner's 2012 petition was not pending when petitioner filed his current habeas petition. *See Tucker v. Kingston*, 538 F. 3d 732, 734 (7th Cir. 2008).

Moreover, even if the Court could construe petitioner's current habeas petition as well as the motion to hold the petition in abeyance that petitioner filed in his 2012 petition as motions to amend his original habeas petition, the current petition would still be untimely because the claims contained in his current habeas petition or in the motion to hold the petition in abeyance do not relate back to the claims raised in his earlier petition.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline

8

passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

None of the claims that were raised by petitioner in either the motion to hold the petition in abeyance, which was filed on September 18, 2012, after the expiration of the one year limitations period, or in his current untimely petition share a common core of operative facts with the claims raised in his original petition. In his original petition, petitioner claimed that the prosecutor committed misconduct by arguing that petitioner should be found guilty because of his bad character and that trial counsel was ineffective for failing to object to this misconduct, and that his sentencing guidelines had been incorrectly scored or that trial counsel had been ineffective for failing to object to the scoring of the guidelines. In his current petition, petitioner argues that he was unfairly prejudiced when the prosecutor added several new names to its witness list a few days before trial without leave of the court or good cause shown and that his trial counsel was ineffective for failing to object to the introduction of the witnesses at trial or for failing to request a continuance so as to have an opportunity to investigate them prior to trial, that the 144 hour delay in arraignment violated his Fourth Amendment rights and that counsel was ineffective for failing to object to the delay in arraignment, and that appellate counsel was ineffective for failing to raise these claims on his appeal of right.

Although petitioner alleged ineffective assistance of counsel in his original habeas petition, it involved counsel's failure to object to the prosecutor's use of petitioner's bad

9

character and for failing to object to the scoring of the sentencing guidelines. Petitioner's ineffective assistance of counsel claims that he raises in his current petition involve allegations that trial counsel was ineffective for failing to object to the amendment of the witness list or to request a continuance and for failing to object to the pre-arraignment delay, and appellate counsel's ineffectiveness for failing to raise the witness list, the delay in arraignment and the related ineffective assistance of counsel claims on petitioner's direct appeal.

Petitioner's ineffective assistance of counsel claims that he raises in his current habeas petition cannot relate back to the filing date of his original habeas petition, because they do not share a common core of operative facts with the ineffective assistance of counsel claims that he raised in the original habeas petition. *See Eller v. Bock*, 422 F. Supp. 2d 813, 818 (E.D. Mich. 2006).

None of petitioner's claims that he raised for the first time in his current habeas petition share a "common core of operative facts" with the prosecutorial misconduct, the sentencing guidelines, and the related ineffective assistance of counsel claims raised in his timely filed original habeas petition. Because none of petitioner's claims raised in his current petition share a common core of operative facts with the claims raised in the original petition, these claims are barred by the one year limitations period. *See Pinchon v. Myers,* 615 F.3d 631, 643 (6th Cir. 2010). [2]

---

[2] Even if the Court were to consider the motion to stay the petition that petitioner submitted on September 18, 2012 in Case # 5;12-CV-10460 as a request to amend the original petition to add these claims, these claims would still be time-barred because petitioner's motion to hold the petition in abeyance was filed after the one year

10

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.* Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual

---

limitations period expired on August 22, 2012.

11

innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing §

2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V.  ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DENIED**.

The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** petitioner leave to appeal *in forma pauperis*.


s/John Corbett O'Meara  
United States District Judge


Date:  February 26, 2015


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 26, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager